## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MIKE R. PRICE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Case No. CIV-06-550-F** |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
| **Defendant.** | ) |

### REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his applications for disability insurance and supplemental security income benefits. United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ____). As the parties have briefed their respective positions, the matter is now at issue.[1] For the following reasons, it is recommended that the Commissioner's decision be reversed and the matter be remanded for further administrative proceedings.

---

[1] By an order dated June 7, 2007, the undersigned directed Plaintiff to file a supplemental response brief in compliance with the Court's local rules, raising specific issues for judicial review, and citing to appropriate portions of the record. Thus, the briefs considered are Plaintiff's Supplemental Opening Brief filed June 25, 2007 [Doc. # 22] and the Commissioner's Response Brief [Doc. # 23].

I.    **PROCEDURAL HISTORY**

Plaintiff filed applications for disability insurance and supplemental security income benefits on July 24, 2002, alleging a disability onset date of May 13, 2002, caused by fatigue, weakness, high blood pressure, and pain. Tr. 49-51, 68, 647-49.   The applications were denied at the administrative level on initial consideration and on reconsideration.   Tr. 24-25, 29-31, 34-35, 650-656.   Plaintiff requested a hearing before an administrative law judge which was held on February 17, 2005.   Tr. 36, 657-94. Plaintiff appeared in person with an attorney and testified in support of his applications. Tr. 659, 665-89.   A vocational expert also testified at the request of the administrative law judge.   Tr. 45-47, 689-93.   The administrative law judge issued his decision on August 22, 2005, which found that Plaintiff was not "disabled" within the meaning of the Social Security Act and, therefore, was not entitled to either disability insurance or supplemental security income benefits.   Tr. 13-15, 16-23.   The Appeals Council denied Plaintiff's request for review on March 15, 2006, and, thus, the decision of the administrative law judge became the final decision of the Commissioner.   Tr. 5-7.

II.   **STANDARD OF REVIEW**

Judicial review of the Commissioner's decision focuses on:

[W]hether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied.   Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.   However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it.   The agency's failure to apply correct legal standards, or show [that] it has done so, is also grounds for reversal.   Finally, because [judicial] review is based on the record taken as a whole, [courts] will meticulously examine the record in order to determine if the evidence supporting the agency's decision is

> substantial, taking into account whatever in the record fairly detracts from its weight. However, [courts] may neither reweigh the evidence nor substitute [their] discretion for that of the Commissioner.

Hamlin v. Barnhart, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotations, brackets, and citations omitted). To determine whether a claimant is disabled, the Commissioner employs a five-step sequential evaluation process. 20 C.F.R. §§ 404.1520, 416.920; Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988). The claimant bears the burden to establish a prima facie case of disability at steps one through four. Williams, 844 F.2d at 751 and n.2. If the claimant successfully carries his burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity ("RFC") to perform work in the national economy given his age, education, and work experience. Id. at 751.

## III.  THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

The administrative law judge followed the five-step sequential evaluation process before concluding that Plaintiff was not disabled. He first found that Plaintiff had not engaged in substantial gainful activity at any time following the alleged disability onset date. Tr. 23. At steps two and three, the administrative law judge determined that Plaintiff suffered from mitochondrial disorder with mild sensorimotor axonal polyneuropathy, chronic obstructive pulmonary disease, intermittent labile hypertension, intermittent rapid heart beats, intermittent episodes of chest pain, history of urinary and bowel retention, and sleep apnea, and that these impairments were severe, but not severe enough to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 23. The administrative law judge next concluded that Plaintiff had the

3

RFC to perform light or sedentary work, with additional listed restrictions.  Tr. 21, 23.

Based on this RFC finding, the administrative law judge found at step four that Plaintiff

was not able to perform his past relevant work as a truck driver.  Tr. 22-23.  At step five

the administrative law judge relied on Rules 201.28, 201.29, 202.21, and  201.22 of the

Medical-Vocational Guidelines ("the grids") and the testimony of the vocational expert

to find that there were a significant number of jobs that a person with Plaintiff's RFC and

vocational factors could perform.  Tr. 22-23.  Thus, the administrative law judge

concluded that Plaintiff was not disabled and that he was not entitled to either disability

insurance or supplemental security income benefits.  Tr. 23.

## IV.  ISSUES ON APPEAL

Plaintiff raises nine claims for judicial review.  First, he contends that the

administrative law judge failed to follow the proper procedure for offering post-hearing

evidence.  Plaintiff's Supplemental Opening Brief, p. 4.  Next, Plaintiff argues that the

administrative law judge erred by failing to respond to his attorney's request for a chance

to cross-examine the post-hearing examining physician. Id. at 4-5.  Third, Plaintiff claims

that the administrative law judge committed error when he did not hold a supplemental

hearing after Plaintiff requested one.  Id. at 5-6.   In his fourth point, Plaintiff alleges that

the administrative law judge did not give appropriate weight to the opinion of one of his

treating physicians.  Id. at 6-7.  Fifth, Plaintiff claims that the administrative law judge's

decision failed to address his treating physician's RFC assessment.  Id. at 7-14.  Next,

Plaintiff contends that the administrative law judge's finding that he can perform

sustained work activity is not supported by substantial evidence.  Id. at 14.  Seventh,

Plaintiff complains that the administrative law judge erroneously relied on the vocational expert's answer to an incomplete hypothetical question.[2] Id. at 14. In his eighth point, Plaintiff claims that the hypothetical question that the administrative law judge posed to the vocational expert was improper because it was not supported by the medical record and so the vocational expert's answer should not have been considered in the decision. Id. at 14-15. Finally, in his ninth point, Plaintiff contends that the administrative law judge erroneously failed to discuss the vocational expert's cross-examination testimony. Id. at 15.

## V.  DISCUSSION

Plaintiff's first three points challenge the sufficiency of the procedure that the administrative law judge employed to permit him to challenge the evidence obtained during a post-hearing medical examination. Plaintiff's Supplemental Opening Brief, pp. 4-6. Since the resolution of these points requires reversal and remand, Plaintiff's remaining points will not be considered as they may be affected by the administrative law judge's treatment of this case on remand. See Watkins v. Barnhart, 350 F.3d 1297, 1299 (10th Cir. 2003).

If a hearing on an application for benefits is held, the administrative law judge must determine the claimant's disability "on the basis of evidence adduced at the hearing . . . ." 42 U.S.C. § 405(b)(1). Administrative law judges also have the "basic obligation in every social security case to ensure that an adequate record is developed during the

---

[2] Plaintiff's brief labels this point as his sixth point of error, but that appears to be a mistake as right above it, he listed a sixth point of alleged error. See Plaintiff's Supplemental Opening Brief, p. 14. Accordingly, the numbering of Plaintiff's eighth and ninth points is off as well. Id. at 14-15.

disability hearing consistent with the issues raised." <u>Henrie v. United States Dep't of Health and Human Servs.</u>, 13 F.3d 359, 360-61 (10th Cir. 1993).   Consequently, administrative law judges sometimes receive reports after the hearing and employ them to render a decision.  <u>See</u> <u>Allison v. Heckler</u>, 711 F.2d 145, 147 (10th Cir. 1983).  This practice is permissible so long as a claimant is given notice that post-hearing evidence will be accepted and are given a meaningful opportunity to address it.  <u>See</u> <u>Yount v. Barnhart</u>, 416 F.3d 1233, 1236 (10th Cir. 2005) (finding that claimant's due process rights were violated where the administrative law judge accepted and relied upon post-hearing evidence without giving the claimant a meaningful opportunity to address it).

In Plaintiff's case, Dr. Sherman Lawton performed a consultative examination of Plaintiff after the hearing and reviewed the medical record.  Tr. 641-46.   Dr. Lawton tendered a report to the administrative law judge in May of 2005.  Tr. 641-42.  On June 10, 2005, the administrative law judge sent Plaintiff's attorney a letter offering Dr. Lawton's report as "additional evidence that I propose to enter into the record." Tr. 102. The administrative law judge included a copy of Dr. Lawton's report for Plaintiff's attorney to review and advised him of the ways by which he could challenge the report. Tr. 102.  The final paragraph of this letter advises:

> If I do not receive a response from you within 10 days of the date you receive this notice, I will assume that you do not wish to submit any written statements or records and that you do not wish to request a supplemental hearing or to orally question the author(s) of the enclosed report(s).  I will then enter the enclosed evidence in the record and issue my decision.

Tr. 103.  Plaintiff's attorney did not respond to this notice until June 27, 2005, when he apparently faxed a letter apprising the administrative law judge that he wanted to cross-

examine Dr. Lawton at a supplemental hearing and to present additional witnesses.  Tr. 104.  The administrative law judge did not schedule a supplemental hearing or otherwise address Plaintiff's request.  Instead, he issued his decision on August 22, 2005, which considered Dr. Lawton's report.  Tr. 18-19, 23.

Without citation to any applicable legal authority or even discussing the relevant dates, Plaintiff asserts that he "timely" responded to the administrative law judge's letter and that the administrative law judge should have held a supplemental hearing.  Plaintiff's Supplemental Opening Brief, pp. 4-5.  Plaintiff's failure to discuss the relevant dates or explain why he thinks his request was timely seems inexcusable as facially, it appears his request for a supplemental hearing was untimely.  The administrative law judge's notice is dated June 10, 2005, was mailed from one address in Oklahoma City to another, and gave Plaintiff ten days from the date he received the notice to ensure that the administrative law judge received a response.  Since Plaintiff's letter requesting a supplemental hearing is dated June 27, it appears untimely as seventeen days elapsed between the day the administrative law judge's letter was written and Plaintiff's response to that letter.

The Commissioner's brief was likewise of no help on the issue as the Commissioner simply responded that Plaintiff had waived his right to a supplemental hearing by failing to respond to the proffer within the specified time frame.  Response to Plaintiff's Supplemental Opening Brief, p. 4.  However, the undersigned's own research, consideration of the record and judicial notice of the calendar for 2005, convinces the undersigned that the matter must be remanded.

7

The administrative law judge's letter gave Plaintiff ten days from "the date you receive this notice" to respond. Tr. 103. Although the record does not show when Plaintiff received the administrative law judge's letter, the regulations define "date you receive notice" to be "5 days after the date on the notice, unless you show us that you did not receive it within the 5-day period." 20 C.F.R. §§ 404.901, 416.1401. Since neither party has offered anything to establish the date of receipt, the letter is deemed received on June 15, 2005. Therefore, Plaintiff's deadline to respond to the administrative law judge's letter fell 10 days later, which the undersigned takes judicial notice to be Saturday, June 25, 2005.

Like Federal Rule of Civil Procedure 6, the Commissioner's regulations extend a deadline if it falls on a Saturday, Sunday, federal legal holiday, or other non-work day, to the first work day following the deadline. 20 C.F.R. §§ 404.3(b); 416.120(d). Plaintiff's letter in response to the administrative law judge is dated June 27, 2005, which was a Monday and the first work day following the Saturday, June 25, 2005, deadline. The letter states on its face that it is a "Fax Letter," and thus, it appears that the administrative law judge did receive a timely response to the notice of post-hearing evidence. Under the circumstances, he should have given Plaintiff an opportunity to challenge Dr. Lawton's findings. See Yount, 416 F.3d at 1236 (finding that administrative law judge's failure to give the plaintiff a meaningful opportunity to contest the findings of a post-hearing consultative examination and subsequent reliance on the consultative examiner's report violated the plaintiff's "due process rights by denying him a full and fair hearing."). The

8

administrative law judge's failure to do so is a legal error.  Accordingly, the undersigned recommends remand of this matter.

## **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge finds that the final decision of the Commissioner of Social Security Administration failed to apply correct legal standards and thus should be reversed and remanded for additional proceedings consistent with this Report and Recommendation.  The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by August 21, 2007, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 1st day of August, 2007.**

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE